**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                    NO. 4:11CR00156-01-JLH

JORGE ROJAS-OLIVERA                                                                     DEFENDANT

**ORDER**

Pending is defendant's Motion for Two Point Reduction based on Sentencing Guideline Amendment 782.

At sentencing, the Court determined that defendant had a total offense level of 52 and a criminal history I, which resulted in a guideline range of life. Document #644. Defendant was sentenced to 420 months in prison. Documents #564 and #570. Even if defendant were entitled to a two point reduction – and he may not be based on the significant drug quantities involved[1] – defendant's range still would be life.

Section 1B1.10(a)(2) of the Guidelines reads: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."[2] Accordingly, defendant's Motion for Two Point Reduction is DENIED. Document #751.

IT IS SO ORDERED this 11th day of December, 2014.

*J. Leon Holmes*
UNITED STATES DISTRICT JUDGE

---

[1] At sentencing the Court determined that defendant was responsible for at least 15 kilograms of methamphetamine. Since this was the highest amount listed in the Guidelines, there were no calculations beyond 15 kilograms. The government argued that they could establish at least three times that amount, and the PSR referenced at least 55 kilograms of methamphetamine.

[2] U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(2)(B) (2011).